UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DELVECCHIO FOOTMAN,**

Petitioner,

vs.   CASE NO. 8:10-cv-1831-T-27MAP
CRIM. CASE NO. 8:04-cr-484-T-27MAP

**UNITED STATES OF AMERICA,**

Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 6) and the Government's Response (CV Dkt. 10). Upon consideration, Petitioner's amended motion to vacate is DENIED.

### Procedural Background

Petitioner was charged by an indictment with distributing five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). (CR Dkt. 1). On December 2, 2004, Petitioner pleaded guilty pursuant to a written plea agreement.[1] (CR Dkts. 13, 16). On March 2, 2005, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to one hundred twenty (120) months imprisonment to be followed by five years of supervised release. (CR Dkt. 27). After granting the Government's subsequent Rule

---

[1] Petitioner pleaded guilty to Count One of the Indictment. The court granted the Government's motion to dismiss Counts Two and Three. (CR Dkts. 24, 25).

35 motion to reduce Petitioner's sentence based on his substantial assistance, the court reduced Petitioner's sentence to ninety-six months imprisonment.[2] (CR Dkts. 29, 32). Petitioner did not appeal.

Petitioner signed his original Section 2255 motion on August 10, 2010. (CR Dkt. 37; CV Dkt. 1). The Respondent challenges the timeliness of the motion.

Petitioner presents one ground for relief:

**Ground One:** Petitioner is no longer a career criminal in light of the decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)

## Discussion

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The term of supervised release previously imposed remained the same. (CR Dkt. 32).

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on March 3, 2005. (CR Dkt. 27). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on March 17, 2005, when the ten-day period for filing a notice of appeal expired.[3] Fed. R. Crim. P. 45(a)(1); Fed. R. App. P. 4(b)(1)(A)(i) (West 2005). Petitioner had until March 17, 2006, to timely file a Section 2255 motion. Petitioner did not file his original Section 2255 motion until August 10, 2010, more than four years after the expiration of Section 2255's one-year limitation. Consequently, the motion is time-barred.

Notwithstanding, Petitioner argues that his motion is timely because he filed it within one year of the decision in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). In *Johnson*, the United States Supreme Court held that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act. Petitioner contends that, pursuant to *Johnson*, his prior conviction for battery on a law enforcement officer used in determining his status as a career offender would not now qualify as a "crime of violence" and, therefore, he does not qualify as a career offender. Relying upon 28 U.S.C.§ 2255(f)(3), Petitioner argues that *Johnson* established a new substantive rule of law that applies retroactively on collateral review and, consequently, the March 2, 2010, decision in *Johnson* triggered the start of his federal limitation for timely filing a Section 2255 motion. *See* 28 U.S.C. § 2255(f)(3). Petitioner's argument lacks merit.

---

[3] The timeliness of Petitioner's motion is calculated from the date of entry of the original judgment and not the date of his Rule 35 sentence reduction. *Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011).

First, for Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from March 17, 2005, the date that his conviction became final. As discussed above, the instant motion, filed on August 10, 2010, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner

cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

## II. Actual innocence

To the extent that Petitioner's motion can be read to assert the argument that he is actually innocent of the career offender enhancement, he cannot obtain relief. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Petitioner stands convicted. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") ("*Gilbert II*"). *See also Bido v. United States*, 2011 WL 2899606 at *2 (11th Cir. July 20, 2011) (applying *Gilbert II* and rejecting the petitioner's claim that he was actually innocent of the career offender enhancement). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

## III. Cognizability

Even assuming, *arguendo*, that *Johnson* applies retroactively rendering Petitioner's Section 2255 motion timely, he is not entitled to relief. Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Petitioner challenges the trial court's application of the Sentencing Guidelines, a non-constitutional issue that provides no basis for

collateral relief. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 6) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 17th day of August, 2011.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record